IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40999
Summary Calendar
_____


BROOKS ROWE,

                                        Plaintiff-Appellant,


versus

DAVID WHITE; RON SCOTT; D. BALLARD,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:96-CV-209
- - - - - - - - - -
May 29, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Brooks Rowe, Arkansas inmate #159100, moves for leave to

proceed in forma pauperis (IFP) on appeal under the Prison

Litigation Reform Act of 1995 (PLRA).  The PLRA requires a

prisoner appealing IFP in a civil action to pay the full amount

of the filing fee, $105.  As Rowe does not have funds for

immediate payment of this fee, he is assessed an initial partial

filing fee of $.07, in accordance with 28 U.S.C. § 1915(b)(1).

---

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Following payment of the initial partial filing fee, funds shall be deducted from Rowe's prisoner account until the full filing fee is paid.  See § 1915(b)(2).

IT IS ORDERED that Rowe pay the appropriate initial filing fee to the Clerk of the District Court for the Eastern District of Texas.  Rowe shall authorize the appropriate prison authorities to withdraw this fee from his trust fund account in accordance with their policy and local procedures and to forward the fee to the Clerk of the District Court for the Eastern District of Texas.  IT IS FURTHER ORDERED that the agency having custody of Rowe's inmate account shall collect the remainder of the $105 filing fee and forward for payment, in accordance with § 1915(b)(2), to the Clerk of the District Court for the Eastern District of Texas each time the amount in Rowe's account exceeds $10, until the appellate filing fee is paid.

Rowe challenges the district court's dismissal of his civil rights complaint as frivolous.  He argues the following:  1) the investigation leading to his placement in ad seg and the disciplinary case resulting in a loss of privileges violated his constitutional rights and the district court erred in dismissing the claim; 2) the district court overlooked Rowe's supplemental pleading, which Rowe asserts clarifies the viability of his liberty-interest claim arising from the disciplinary-case claim; 3) the district court failed to consider Rowe's banishment from the law library -- for unauthorized taking of a law book --

before entering final judgment, which Rowe contends amounts to denial of access to the courts; and 4) the district court erred in dismissing his conditions-of-confinement claim, a claim which

Rowe asserts is viable in light of his asthma condition, a condition which Rowe alleges for the first time on appeal.

We have carefully reviewed the arguments and the appellate record. For essentially the same reasons upon which the district court relied by adopting the magistrate judge's report, see Rowe v. White, No. 5:96cv209 (E.D. Tex. Sept. 24, 1996), we conclude that the district court did not abuse its discretion in dismissing the complaint as frivolous. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). This appeal is without arguable merit and thus is frivolous. See 5th Cir. R. 42.2. It is DISMISSED.

Rowe moves for injunctive and protective relief. The motion is DENIED.

APPEAL DISMISSED. IFP GRANTED. FILING FEE ASSESSED. OTHER MOTION DENIED.